UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| J.B.C.O., J.E.C.M., minor child J.S.C.M., A.J.H.G., A.D.B.A., and S.V.M.S., by and through their next friend E.K.M.P., | Civil No. 26-424 (JRT/DJF) |
| Petitioners, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General of the United States*; | |
| KRISTI NOEM, *Secretary of the United States Department of Homeland Security*; | |
| TODD M. LYONS, *Acting Director of the United States Immigration and Customs Enforcement*; and | |
| DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; | |
| Respondents. | |

Petitioners are six citizens of Venezuela and residents of St. Paul, MN. Petitioners allege that on Thursday, January 15, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers entered their home without presenting a warrant and arrested the six Petitioners at gunpoint. (Amended Petition for Writ of Habeas Corpus, ¶ 33, Jan. 19, 2026, Docket No. 4.) Petitioner J.S.C.M. is a twelve-year-old minor child who suffers

from asthma and has not been provided access to an inhaler while being held in detention. (*Id.* ¶ 34.)

**IT IS HEREBY ORDERED THAT**:

1. Respondents are directed to produce a judicial warrant justifying entry into Petitioners' home and their arrest and detention **by no later than 5:00 p.m. on January 19, 2026**. If no such warrant is provided, the Court will order each Petitioner's immediate release.

2. If such warrant is timely provided, Respondents are further directed to file an answer to the Amended Petition for a Writ of Habeas Corpus no later than 5:00 p.m. on Wednesday, January 21, 2025, certifying the true cause and proper duration of each Petitioner's confinement and showing cause why the writ should not be granted in this case. Respondents' answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioners' detention in light of the issues raised in the Amended Petition;

    b. A reasoned memorandum of law and fact explaining respondents' legal position on Petitioners' claims; and

    c. Respondents' view as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Avila v.*

*Bondi*, No. 25-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025).

3. Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioners from the District of Minnesota until further order of the Court, so that Petitioners may consult with counsel while the Court is considering the petition, and so that there is no risk that removal of Petitioners from Minnesota will deprive this Court of jurisdiction over the petition. If Petitioners have already been removed from Minnesota, Respondents are **ORDERED** to immediately return Petitioners to Minnesota.

4. Respondents may request permission from the Court to move Petitioners if unforeseen or emergency circumstances arise which require Petitioners to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioners.

5. Aside from the Petitioner who is a minor, Petitioners have not provided basis for the names of the remaining five Petitioners to have been obscured. Accordingly, by no later than 5:00 p.m. on January 19, counsel for Petitioners must either submit an amended habeas petition naming the five

adult Petitioners or, alternatively, a reasoned memorandum explaining why the names of the five Petitioners have not been listed on the habeas petition.

6. By no later than 5:00 p.m. on January 19, counsel for Petitioners must submit a reasoned memorandum of law explaining why proceeding through a next friend is necessary in this action, or submit an amended habeas petition omitting reference to the next friend.

7. Joint petitions of the kind filed in this matter are disfavored, as the same legal considerations may not necessarily apply to each named Petitioner to a habeas corpus action. The Court will permit use of this device within this proceeding which, by necessity, must be conducted with expediency. Nevertheless, counsel is asked to refrain from jointly filing if additional petitions are warranted.

DATED: January 19, 2026
at Minneapolis, Minnesota.
Time: 11:16 a.m.

JOHN R. TUNHEIM
United States District Judge