UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| J.B.C.O., J.E.C.M., minor child J.S.C.M., A.J.H.G., A.D.B.A., and S.V.M.S., by and through their next friend E.K.M.P., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, *Attorney General of the United States*; <br><br> KRISTI NOEM, *Secretary of the United States Department of Homeland Security*; <br><br> TODD M. LYONS, *Acting Director of the United States Immigration and Customs Enforcement*; and <br><br> DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; <br><br> Respondents. | Civil No. 26-424 (JRT/DJF) <br><br><br><br><br><br> **ORDER** |

Petitioners are six citizens of Venezuela and residents of St. Paul, MN. Petitioners allege that on Thursday, January 15, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers entered their home, without permission and without presenting a warrant, and arrested them at gunpoint. (Am. Pet. for Writ of Habeas Corpus, ¶ 33, Jan. 19, 2026, Docket No. 4.)

One Petitioner, J.C.S.M., is a 12-year-old boy with asthma. (Am. Pet. ¶ 34.) The Petition alleged that the child had not been provided with an inhaler while in Respondents' custody. (*Id*.) Given the need to immediately address these concerning allegations—the entry of a personal residence without a lawful basis, and the potential health concerns pertaining to a detained minor child—on January 19, 2026, the Court issued an order requiring Respondents to produce a judicial warrant providing the lawful basis for the search and seizure by 5:00 p.m. that day. (Order, Jan. 19, 2026, Docket No. 6.) Pursuant to the Court's order, once Respondents produced the warrant, Respondents would have an additional 24 hours to file a response to the merits of the Petition. (*Id.*)

Respondents failed to produce a warrant by this deadline and indeed, failed to file anything. Accordingly, the Court granted the petition for a writ of habeas corpus and ordered Respondents to release Petitioners from custody "no later than 72 hours within the filing of" the Order. (Order, Jan. 19, 2026, Docket No. 9.) Respondents were ordered to "immediately return Petitioners to Minnesota, prior to their release," if Respondents had removed Petitioners from the state following their arrest. (*Id.*) The Court also ordered the parties "within five days of the date of" the Order to "provide the Court with a status update concerning Petitioners' release." (*Id*.) The Order was entered at 6:34 p.m. on Monday, January 19. (*Id*.)

The Court's January 19 Order, in other words, set two clear deadlines for Respondents:

2

(1) Respondents were to return Petitioners—including the 12-year-old minor child—to Minnesota and release them from custody by 6:34 p.m. on Thursday, January 22, 2026, at the latest.

(2) Respondents were to provide the Court with a status update concerning Petitioners' release from custody by Saturday, January 24, 2026.

Hearing nothing, the Court held an in-person status conference at the Minneapolis Courthouse concerning this case the morning of January 22, 2026—the day of the deadline to return Petitioners to Minnesota and release them from custody. (*See* Docket No. 12.) At the status conference, counsel for Petitioners conveyed that all six Petitioners had been transferred to detention facilities in Texas and were being held there. Counsel for Respondents indicated that he had communicated the Court's orders in this case to ICE officials and reassured the Court that ICE would comply with the deadlines the Court had set.

It is now January 25, 2026. From the information available to the Court, while some Petitioners may have been returned to Minnesota, none have been released from custody. Nor did Respondents file a status update in this case by the January 24, 2026, deadline—in fact, Respondents have **not made a single filing** on the Docket in this case, aside from Counsel's Notice of Appearance. (*See* Docket, Civil No. 26-424.)

It is critical that Respondents immediately comply with this Court's prior Orders in this case. Petitioners alleged that Respondents entered their private dwelling and

3

arrested them without presenting a judicial warrant. The Fourth Amendment provides strong protection against this type of encroachment. *See Florida v. Jardines*, 569 U.S. 1, 6 (2013) ("But when it comes to the Fourth Amendment, the home is first among equals"); *Lange v. California*, 594 U.S. 295 (2021) ("'Freedom' in one's own 'dwelling is the archetype of the privacy protection secured by the Fourth Amendment'; conversely, 'physical entry of the home is the chief evil against which [it] is directed'") (quoting *Payton v. New York*, 445 U.S. 573, 585, 587 (1980)). Moreover, the Court can scarcely think of a situation requiring more urgency than a 12-year-old allegedly, with health concerns, being arrested unlawfully and whisked away across the country.

The Court therefore set a deadline for Respondents to present the Court with evidence of the lawfulness of the entry and arrest—they failed to do so, and the Court granted Petitioners' release. The Court thereafter provided several days, including at an in-person status conference, for Respondents to communicate the steps being taken to effectuate the Court's order. Respondents have nevertheless failed to this point to release Petitioners from custody and are in clear violation of the Court's Orders. Respondents must do so immediately: no more delays and failing to follow Court orders.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Respondents shall comply with this Court's January 19, 2026, Order (Docket No. [9]) and are **ORDERED** to release Petitioners from custody immediately.

4

If any Petitioners remain outside the state of Minnesota, Respondents are **ORDERED** to immediately return Petitioners to Minnesota, prior to their release.

2. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioners' release, they are not left outside in dangerous cold. It is preferable to release Petitioners to counsel to ensure humane treatment.

3. By **5:00 p.m. on January 25, 2026**, Respondents shall file on the docket a status update concerning Petitioners' release.

4. If this Order is not fully complied with, the next step is a hearing to determine who will be held in contempt of the Court's Orders in this case and sanctioned.

DATED: January 25, 2026                      \_\_\_\_\_/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                            United States District Judge