**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| J.B.C.O., J.E.C.M., minor child J.S.C.M., A.J.H.G., A.D.B.A., and S.V.M.S., *by and through their next friend E.K.M.P.*,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,<br><br>Respondents. | Civil No. 26-424 (JRT/DJF) |
| S.M.,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,<br><br>Respondents. | Civil No. 26-639 (JRT/DTS) |

| | |
|---|---|
| CHRISTIAN A.S.C., | |
| Petitioner, | Civil No. 26-778 (JRT/LIB) |
| v. | |
| PAMELA BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; MARY DE ANDA-YBARRA, *Director, El Paso Field Office, Immigration and Customs Enforcement*; and WARDEN, *Director of the El Paso Camp East Montana*, | |
| Respondents. | |
| ROSMARY N.A., | |
| Petitioner, | Civil No. 26-832 (JRT/JFD) |
| v. | |
| DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; and PAMELA BONDI, *Attorney General of the United States*, | |
| Respondents. | |

NOEL G.G.G.,

                        Petitioner,          Civil No. 26-1407 (JRT/JFD)

v.

PAMELA BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and RYAN SHEA, *Sheriff, Freeborn County*,

                        Respondents.

---

RIKY A.M.L.,

                        Petitioner,          Civil No. 26-1429 (JRT/JFD)

v.

PAMELA BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; and TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*,

                        Respondents.

---

Claire Glenn, **CLIMATE DEFENSE PROJECT**, Post Office Box 7040, Minneapolis, MN 55407, for Petitioners J.B.C.O., J.E.C.M., minor child J.S.C.M., A.J.H.G., A.D.B.A., and S.V.M.S.

Andy Taylor, Larry E. LaTarte, William M. MacKinnon Morrow, **FAEGRE DRINKLE BIDDLE & REATH LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402; Ariana Kiener, E. Michelle Drake, Jordan C. Hughes,

3

**BERGER MONTAGUE PC**, 1229 Tyler Street Northeast, Suite 205, Minneapolis, MN 55413, for Petitioner S.M.

Laura Farley, **NICHOLS KASTER PLLP,** 80 South Eighth Street, Suite 4700, Minneapolis, MN 55402; Luke Grundman, Mary Kaczorek, **MID-MINNESOTA LEGAL AID**, 111 North Fifth Street, Suite 100, Minneapolis, MN 55403, for Petitioner Christian A.S.C.

Paschal O. Nwokocha, **NWOKOCHA & OPERANA LAW OFFICES, LLC**, 105 Fifth Avenue South, Suite 550, Minneapolis, MN 55401, for Petitioner Rosmary N.A.

Jason L. Schellack, **AUTISM ADVOCACY & LAW CENTER, LLC**, 901 North Third Street, Suite 120, Minneapolis, MN 55401, for Petitioner Noel G.G.G.

Joshua J Rissman, **GUSTAFSON GLUEK PLLC**, Canadian Pacific Plaza, 120 South Sixth Street, Suite 2600,Minneapolis, MN 55402, for Petitioner Riky A.M.L.

David W. Fuller, Jesus Cruz Rodriguez, Trevor Brown, Matthew Isihara, Friedrick A.P. Siekert, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for all Respondents except Ryan Shea ("Federal Respondents").

David John Walker, **FREEBORN COUNTY ATTORNEY'S OFFICE**, 411 South Broadway Avenue, Albert Lea, MN 56007, for Respondent Ryan Shea.

## ORDER

Petitioners in the above-captioned cases sought habeas relief stemming from their arrest and detention by Respondents. In each case, the Court concluded that the Petitioner's arrest and detention was unlawful and ordered their immediate release. But in each case, Respondents have violated the terms of the Court's orders by retaining possession of the Petitioners' personal property—including bank cards and identification

4

documents—without any lawful basis to do so.  Petitioners' lack of access to their most essential physical possessions has compounded the harms of their unlawful arrest, often resulting in financial distress and further risks to their safety and well-being.

Despite Respondents' assurances that efforts are underway to locate Petitioners' property, in each of these cases the Court has yet to be informed that Petitioner has had their property returned.  Respondents' statements to the Court regarding the ongoing searches have often been vague and inconsistent, and were in at least one case conceded by Respondents to have been simply false.[1]  While the Court appreciates the difficult position Respondents' counsel faces due to the seeming lack of transparency and organization on the part of some Respondents, the Court is more concerned by the inconvenience to Petitioners.  It is essential that the violations in these cases be resolved without any further delay.

The Court will therefore hold a consolidated hearing at which representatives of the parties in each of these seven cases shall apprise the Court of the status of Petitioners' property.  The Court will also hear argument regarding the appropriateness of contempt stemming from noncompliance with this Court's orders.  The Court concludes this course

---

[1] *See Rosmary N.A. v. Easterwood et al.*, Civ No. 26-832, Federal Resps.' Supp. Status Report, at 1, Mar. 1, 2026, Docket No. 26 ("While it is true that those present in the courtroom at the hearing had heard the property was located, it turns out that information was incorrect because of an internal miscommunication that occurred in preparation for and just before the show-cause hearing.")  Those "present in the courtroom at the hearing . . . heard the property was located" because Respondents' counsel represented to the Court that the property **had** been located.

5

of action is necessary to ensure Petitioners are not subjected to further harms stemming from their unlawful arrest and detention.

As ordered below, if the parties to any of these seven cases stipulate that further proceedings are no longer necessary in advance of the hearing, representatives of the parties to that case no longer need appear.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court will hold a hearing at **2:00 p.m. on March 5, 2026**, at which all parties shall present a status update regarding Petitioners' property and any conditions imposed on their release.

2. At the hearing, Respondents must show cause as to why it should not be held in contempt for the ongoing failure to comply with the Court's prior Order(s).

3. The following individuals are directed to appear:

    a. At least one Counsel of record for Federal Respondents in each case;

    b. David W. Fuller, Assistant United States Attorney and Acting Chief of the Civil Division of the United States Attorney's Office for the District of Minnesota;

    c. Daniel Rosen, United States Attorney for the District of Minnesota;

    d. At least one Counsel of record for Petitioner(s) in each case;

    e. A representative of Immigration and Customs Enforcement who had notice of the Court's previous Orders in each of the above-captioned cases concerning return of property and documentation, has knowledge of the procedures regarding transfer and return of property in these cases, and was directly or indirectly responsible for Petitioners' custody, transportation, and release.

4. If the parties to any of the above-captioned cases file a joint stipulation by **5:00 p.m. on March 4, 2026**, informing the Court that all outstanding issues regarding Petitioner's property have been resolved, the hearing will be cancelled with regard to that case.

DATED: March 3, 2026                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                          United States District Judge