**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| J.B.C.O., J.E.C.M., minor child J.S.C.M., A.J.H.G., A.D.B.A., and S.V.M.S., *by and through their next friend E.K.M.P.*, | Civil No. 26-424 (JRT/DJF) |
| Petitioners, | |
| v. | |
| TODD BLANCHE,[1] *Acting Attorney General of the United States*; | |
| MARKWAYNE MULLIN, *Secretary of the United States Department of Homeland Security*; | **ORDER GRANTING PETITIONERS' MOTION FOR ATTORNEY'S FEES** |
| TODD M. LYONS, *Acting Director of the United States Immigration and Customs Enforcement*; and | |
| DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Claire Glenn, **CLIMATE DEFENSE PROJECT,** Post Office Box 7040, Minneapolis, MN, 55407, for Petitioners.

David W. Fuller and Friedrich A.P. Siekert, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

---

[1] Todd Blanche is automatically substituted for Pam Bondi, and Markwayne Mullin is automatically substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

At the height of Operation Metro Surge, Petitioners J.B.C.O, J.E.C.M., minor child J.S.C.M., A.J.H.G., A.D.B.A., and S.V.M.S. filed a petition for a writ of habeas corpus, alleging that federal law enforcement officials had forcefully entered their home and arrested them at gunpoint on January 15, 2026.  (*See* Am. Pet. ¶ 33, Jan. 19, 2026, Docket No. 4.)  After their arrest, Respondents swiftly flew the Petitioners, including a 12-year-old child, to a detention facility in Texas.  (*See* Order at 3, Jan. 25, 2026, Docket No. 14.)[2] On January 19, 2026, the Court granted the habeas petition after Respondents failed to timely produce a judicial warrant supporting entry into Petitioners' home.  (*See* Order, Jan. 19, 2026, Docket No. 9.)

The Court's Order directing Respondents to immediately release Petitioners from unlawful detention was unfortunately only the beginning of this case.  Respondents subsequently missed multiple deadlines imposed by the Court regarding Petitioners' return to Minnesota and release from custody, and then, still furthering the harm to Petitioners, Respondents did not return all of Petitioners' identification documents at the time of their release.  Respondents' counsel also failed to adequately communicate with the Court or Petitioners' counsel regarding these issues of grave importance.[3]

---

[2] The Court's previous Orders setting out this case's procedural and factual history are filed at Docket Nos. 14, 19, 24, and 32.

[3] Petitioners previously moved for sanctions against Respondents arising from these events.  (*See* Docket No. 25.)  However, Petitioners have notified the Court that they now wish to withdraw that motion.  (*See* Docket No. 56).

Petitioners now seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Mot. Atty.'s Fees, May 11, 2026, Docket No. 48.) Respondents concede that Petitioners were the prevailing parties and take no position regarding whether Respondents' litigation position was substantially justified.  (Response, May 11, 2026, Docket No. 55.)  Respondents do not contest the reasonableness of the fees sought, nor the timeliness of Petitioners' motion.  (*Id.*)[4]

The Court finds that: it possesses jurisdiction over this matter; Petitioners were the prevailing parties; Respondents' litigation positions were not substantially justified; no special circumstances exist that would make an award of attorney's fees unjust; and that Petitioners have provided the information necessary to demonstrate the appropriate amount of the award.  *See* 28 U.S.C. § 2412 (d)(1)(A), (d)(1)(B), (d)(2)(D), (d)(3).

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. In consideration of Petitioners' Notice of Withdrawal of Motion for Sanctions (Docket No. [56]), Petitioners' Motion for Sanctions (Docket No. [25]) is **DENIED**.

2. Petitioners' Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Docket No. [49]) is **GRANTED** as follows:

---

[4] Petitioners' attorneys have also filed declarations regarding the appropriate EAJA fees in this matter.  (Decl. of Claire Nicole Glenn, May 11, 2026, Docket No. 50; Decl. of Perry Keziah, May 11, 2026, Docket No. 51.)

a.  Respondents shall provide Petitioners $17,505 in total attorney's fees and costs under the Equal Access to Justice Act;

b.  Equal amounts of $2,917.50 shall be paid to each Petitioner, with minor child J.S.C.M.'s portion of the award paid to his mother, E.K.M.P.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 18, 2026                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge

4